IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Terrance Griffin, | ) | C/A No. 0:19-515-MGL-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Brian Stirling; Randal Williams; John/Jane Doe, *Mail Personnel*, | ) | |
| Defendants. | ) | |

Plaintiff Terrance Griffin, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for an extension of time to file a proposed amended complaint. (ECF No. 72.)

The court previously granted Plaintiff additional time to file a proposed amended complaint, imposing a deadline of August 14, 2019. (ECF No. 58.) Plaintiff filed the instant motion on September 11, 2019. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Thus, because Plaintiff did not file his motion to extend time until after his deadline expired, he must demonstrate good cause and excusable neglect. "Excusable neglect is not easily demonstrated, and "a party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect." Martinez v. United States, 578 F. App'x. 192, 194 (4th Cir. 2014)

(internal quotations omitted).[1]  Here, Plaintiff admits that on August 22, 2019 he received the court's order notifying him of his August 14 deadline.  While—if true—receipt of the court's order after expiration of the deadline could constitute excusable neglect, Plaintiff failed to promptly request additional time on that basis, waiting until September 11, 2019 to request more time.  Moreover, despite the passage of three weeks since receiving the court's order, he has still not submitted a proposed amended complaint, prejudicing the defendants, who, in the meantime, timely filed a motion for summary judgment based on the existing Complaint.  Accordingly, as Plaintiff has not demonstrated that he acted with diligence such that he can establish excusable neglect, his motion for an extension of time to file a proposed amended complaint is denied.  (ECF No. 72.)

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 9, 2019
Columbia, South Carolina

---

[1] "Excusable neglect generally has the same meaning throughout the federal procedural rules." Martinez, 578 F. App'x. at 194 n.* (4th Cir. 2014).