

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| TERRANCE GRIFFIN, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:19-515-MGL-PJG |
| | § | |
| BRIAN STIRLING, POSTAL DIRECTOR | § | |
| BRYANT, POSTAL DIRECTOR BOWMAN, | § | |
| and POSTAL DIRECTOR K. ROBINSON, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

Plaintiff Terrance Griffin (Griffin) filed this case against Defendants Brian Stirling, Postal

Director Bryant (Bryant), Postal Director Bowman (Bowman) and Postal Director K. Robinson

(Robinson) (collectively, Defendants) under 42 U.S.C. § 1983.  Griffin is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the

United States Magistrate Judge suggesting Defendants' partial motion to dismiss the official-capacity

claims against Bryant, Bowman, and Robinson (the motion) be granted.  The Report was made in

accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 15, 2020.  In the Report, the Magistrate Judge suggested the Court grant the motion on two bases: (1) Griffin's failure to file a response to the motion, which she construed as his abandoning his official-capacity claims against Bryant, Bowman, and Robinson; and (2) for the reasons Defendants presented in their motion.  As per the motion, Defendants argue that Bryant, Bowman, and Robinson are not persons amenable to suit under 42 U.S.C. § 1983, and that they are entitled to Eleventh Amendment immunity.

Instead of filing objections to the Report, Griffin requested more time to file a response to the motion.  Consequently, the Court gave him until additional time to file his response to the partial motion to dismiss and his objections to the Report.  The Clerk entered his submission on November 6, 2021.

Griffin raises four responses/objections in his submission.  First, he argues Bryant, Bowman, and Robinson can, in fact, be sued in their official capacities under Section 1983.

"To recover damages under 42 U.S.C. § 1983, a plaintiff must show (1) the conduct complained of was committed by a person acting under color of state law, and (2) this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Martin v. Duffy*, 977 F.3d 294, 298–99 (4th Cir. 2020) (citation omitted) (internal quotation marks omitted).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Consequently, inasmuch as Bryant, Bowman, and Robinson, are not "persons" when acting in their official capacities, they cannot be sued in their official capacities under Section 1983.

2

Second, Griffin contends Bryant, Bowman, and Robinson are not entitled to Eleventh Amendment immunity.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id*. "As such, it is no different from a suit against the State itself." *Id*. Thus, Griffin's Section 1983 official-capacity claims against Bryant, Bowman, and Robinson are effectively claims brought against the State.

Although "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66. "The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id*. (citation omitted).

There is neither any suggestion the State has waived Eleventh Amendment immunity nor that Congress has overridden the State's immunity in this context. Consequently, the Court holds Bryant, Bowman, and Robinson are, in fact, entitled to Eleventh Amendment immunity from Griffin's official-capacity claims against them.

Third, according to Griffin, he is due a jury trial. Assuming Griffin's claims are not dismissed and/or this matter is not settled, the Court will schedule a jury trial in this matter.

And fourth, Griffin maintains he has suffered damages, of which he provides the alleged details. For purposes of the Court's deciding this motion, however, those allegations are of no moment.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Griffin's objections, adopts the Report, and incorporates it

3

herein.  Therefore, it is the judgment of this Court Defendants' partial motion to dismiss the official-

capacity claims against Bryant, Bowman, and Robinson is **GRANTED**.

        **IT IS SO ORDERED**.

        Signed this 20th day of January, 2021, in Columbia, South Carolina.

                             s/ Mary G. Lewis
                             MARY G. LEWIS
                             UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

        Griffin is hereby notified of the right to appeal this Order within thirty days from the date

hereof, pursuant to the Federal Rules of Appellate Procedure.

4